IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,751-01




EX PARTE CHRYSTOPHER DON PRECIADO, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 60196-01-A IN THE 47TH DISTRICT COURT
FROM POTTER COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated robbery and sentenced to forty years’ imprisonment. The Seventh Court of Appeals
affirmed his conviction. Preciado v. State, No. 07-10-00242-CR (Tex. App. – Amarillo, July 13,
2011).
            Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed. In support of his claim,
Applicant provided a copy of a response to his request to the unit mail room as to whether he had
received any mail from his appellate attorney during the period between the issuance of the appellate
opinion on July 13, 2011, and the date of the request. That response indicated that Applicant
received a letter from appellate counsel on August 27, 2012. Applicant alleges that it was not until
this date that he received notification of the court of appeals’ decision from appellate counsel. 
            On January 29, 2014, this Court remanded to the trial court to obtain an affidavit from
appellate counsel and findings of fact addressing Applicant’s allegations. On April 18, 2014, this
Court received the supplemental record containing an affidavit from appellate counsel. According
to appellate counsel’s affidavit, he notified Applicant of the court of appeals’ opinion and of his right
to file a pro se PDR by way of a letter dated July 15, 2011. Based on appellate counsel’s affidavit,
the trial court finds that appellate counsel timely notified Applicant of the appellate court’s decision. 
The trial court concludes that appellate counsel was not ineffective.
            Because the record contains conflicting information regarding the date upon which appellate
counsel notified Applicant of the court of appeals’ decision and the date upon which Applicant
received such notification, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The
trial court shall obtain an affidavit from the supervisor of the unit mail room where Applicant was
confined during the applicable period, stating whether Applicant received any other legal mail
between July 13, 2011, and August 27, 2012, when Applicant alleges that he received appellate
counsel’s notification. The trial court shall also order appellate counsel to state whether he complied
with Rule 48.4 of the Texas Rules of Appellate Procedure. If appellate counsel did comply with
Rule 48.4, appellate counsel shall submit proof of the date upon which he mailed the notification to
Applicant, and the date upon which Applicant received the notification. If appellate counsel did not
comply with Rule 48.4, appellate counsel shall submit any other available proof of the date upon
which he mailed the notification to Applicant. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.
            The trial court shall make findings of fact and conclusions of law as to the date upon which
appellate counsel mailed the notification to Applicant, and the date upon which Applicant received
such notification. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus
relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
Filed: May 7, 2014
Do not publish